[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: April 2, 1993 Date of Application: April 2, 1993 Date Application Filed: April 2, 1993 Date of Decision: July 22, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, Docket Numbers CR92-72173 and CR92-72983.
Frank Riccio, Esq., Defense Counsel, for Petitioner.
John F. Blawie, Esq., Assistant State's Attorney, for the State.
After trial by jury, petitioner was convicted of three counts of sale of narcotics in violation of Section 21a-278 (b); possession of narcotics with intent to sell in violation of the same statute; and conspiracy to violate the dependency producing drug law in violation of Sections 21a-278 and 53a-48. In a separate file, after a plea of guilty, petitioner was convicted of assault in the second degree in violation of General Statutes Section 53a-60 (a)(1).
On the first file on the charges of sale of narcotics, sentences of ten years for each count with the execution suspended after five years were imposed. These sentences were to be served consecutive to each other. On the second count, a sentence of ten years execution suspended after five years concurrent with the first three counts was imposed and a similar sentence was imposed on the third file. On the assault charge, a concurrent sentence of five years was imposed.
The total effective sentence on all files was 30 years execution suspended after 15 years with five years probation. CT Page 9527
In February, 1992, Bridgeport police were conducting narcotics surveillance and observed petitioner in three separate drug sales. Petitioner was arrested. A search incidental to the arrest showed that he had a total of $249 concealed in his shoes. Police were subsequently directed to an area where a supply of narcotics was stored. The police recovered approximately 23.9 grams of cocaine.
The assault charge involved petitioner and two other people beating a third individual. A tire iron was used in the assault causing substantial personal injury to the victim.
Petitioner's attorney argued for a reduction in sentence. He claimed that the sentence imposed was excessive and that a sentence of ten years with the execution suspended after five would have been more appropriate. The attorney pointed out that petitioner had no prior criminal record and that the drug offenses here all rose out of the same general There were no aggravating factors which, according to the attorney, would warrant the sentence imposed. For these reasons, it was argued that the sentence was excessive and should be reduced.
The state's attorney argued that the sentence was appropriate and should not be reduced. The state's attorney pointed out that the Court imposed consecutive sentences only on the sales and all other charges, including the assault, were concurrent.
It was argued that the sentence was appropriate inasmuch as petitioner was a drug seller with no apparent legal source of income. Petitioner was engaged in the commercial sale of drugs, and under the circumstances, it was argued the sentence imposed was appropriate.
In light of the serious nature of the offenses involved here and the need to protect the public from such conduct, it cannot be found that the sentence imposed was inappropriate or disproportionate.
Sentence affirmed.
Purtill, J.
Norko, J. CT Page 9528
Miano, J.
Purtill, J., Norko, J., and Miano, J. participated in this decision.